ANN E. RILEY, AS EXECUTRIX, ETC., OF EDWARD T. RILEY,
DECEASED, RESPONDENT, *v.* WILLIAM S. CORWIN,
APPELLANT.

*Statute of limitations — constitutes a distinct new defence — it cannot be first set up during a trial before a referee.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The court at General Term said : " The plaintiff in this case was allowed, on the trial, by the referee, to add to his reply in answer to a counter-claim interposed ; and in addition to his defences in the reply contained, to interpose the statute of limitations.   This was error.   On the trial a referee, under the Code of Procedure, has not such power.   This seems to be settled by authority.   It is a new defence.   (*Ford* v. *Ford*, 53 Barb., 525; *Sinclair* v. *Neill*, 1 Hun, 80; *Mitchell* v. *Bunn*, 2 N. Y. [T. & C.], Sup. Ct. Rep., 486 ; *Josyln* v. *Josyln*, 9 Hun, 388; *Phillips* v. *Melville*, 10 id., 211; *Smith* v. *Rathbun*, 13 id., 47; *Reeder* v. *Sayre*, 70 N. Y., 180.)

" The amount of the counter-claim having been ascertained and determined by the referee, however, a new trial may be avoided by deducting it from the judgment.   Unless the plaintiff consent that this be done a new trial is ordered, with costs to abide event. If done the judgment is affirmed for the balance, without costs to either party."

*Henry E. Howland*, for the appellant.   *George H. Starr*, for the respondent.

Opinion *Per Curiam.*

Present — BRADY, P. J., and POTTER, J.

Judgment reversed, new trial ordered, costs to abide event ;

unless plaintiff consent to a deduction of the counter-claim from the judgment, in which event judgment affirmed, as so modified, without costs.